IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20-cr-30116-SMY ) |
| DAMON A. FRANK, | ) ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

On July 19, 2022, Defendant Damon A. Frank was sentenced to 121 months' imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, money laundering conspiracy, distribution of methamphetamine, and distribution of heroin (Docs. 301, 303). Frank is currently housed at Forrest City Low FCI, and his projected release date is August 1, 2029. Now pending before the Court is Frank's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 384). For the following reasons, the motion is **DENIED**.

## Discussion

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with

any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Frank requests compassionate release, asserting that (1) he is being denied mental health and drug treatment; and (2) BOP has denied him proper earned time credits. Complaints about the lack of medical care while incarcerated are not a basis for early release under § 3582(c)(1)(A). *See United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021). Rather, a suit under the Eighth Amendment is the proper way to challenge alleged inadequate medical treatment. *See id.*

Similarly, the denial of earned time credits is not a proper basis for compassionate release. The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Bureau of Prisons ("BOP"). *United States v. Wilson*, 503 U.S. 329, 334-336 (1992). A prisoner who believes the BOP has erred in its calculation of his federal sentence can challenge the execution of his sentence by bringing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Scott,* 775 F. App'x 252, 253 (7th Cir. 2019); *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 384) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 24, 2025**

**STACI M. YANDLE**
**United States District Judge**